UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDREKA WALKER,

                Plaintiff,                    Civil Action No. 23-12328

v.                                                     Bernard A. Friedman
                                                      United States District Judge

DEANNA HARRIS, MARY COYLE       David R. Grand
KAREN THOMAS, CRAIG KLINE MD,  United States Magistrate Judge
and RN KUZ,

                Defendants.
_____/

**<u>REPORT AND RECOMMENDATION ON DEFENDANT
CRAIG KLINE'S MOTIONS TO DISMISS (ECF Nos. 16, 29)</u>**

This is a prisoner civil rights action filed by *pro se* plaintiff Freddreka Walker ("Walker") pursuant to 42 U.S.C. § 1983 against various individuals who provided him with medical care during his incarceration. Walker alleges that one of the defendants, Dr. Craig Kline ("Dr. Kline")[1], violated his Eighth Amendment rights by rendering medical care that caused Walker to suffer a surgical infection and hernias. (ECF No. 24). The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 11).

Before the Court is Dr. Kline's motion to dismiss Walker's amended complaint[2] for

---

[1] Because this Report and Recommendation addresses only defendant Craig Kline, M.D.'s motion to dismiss, the Court will limit its analysis to the claims raised against Dr. Kline.

[2] On March 4, 2024, Dr. Kline filed a motion to dismiss Walker's original complaint. (ECF No. 16). However, Walker subsequently filed a motion to amend his complaint, and on April 5, 2024,

failure to plead a viable § 1983 claim. (ECF No. 29). On May 13, 2024, Walker filed a response, and on June 6, 2024, Dr. Kline filed a reply. (ECF Nos. 34, 35).[3]

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Dr. Kline's motion to dismiss Walker's amended complaint **(ECF No. 29)** be **GRANTED**, and that Dr. Kline's motion to dismiss Walker's original complaint **(ECF No. 16)** be **DENIED AS MOOT**.

## II. REPORT

### A. Background

In his amended complaint, Walker alleges that following a stabbing injury in prison, on December 12, 2021, he underwent an exploratory laparotomy and diaphragm repair at Lakeland Hospital in St. Joseph, Michigan, by Dr. Kline, who was "an employee of Spectrum Health." (ECF No. 24, PageID.92). Walker alleges that the surgery resulted in 28 staples in the abdomen, and five in the upper torso. (*Id.*). He alleges he was then released to the custody of the Berrien County Jail following three days in critical condition, and that Dr. Kline failed to provide appropriate housing instructions, medications, or

---

the Court granted Walker's motion and deemed his attached proposed amended complaint as the operative complaint in this case. (ECF No. 27). As noted, Dr. Kline has now filed a motion to dismiss Walker's operative amended complaint. Thus, Dr. Kline's motion to dismiss Walker's original complaint **(ECF No. 16)** should be **DENIED AS MOOT**.

[3] Along with his reply brief, Dr. Kline filed a motion for leave to file a reply to Walker's response, asserting that he "mistakenly and inadvertently documented the due date for [his] Reply as June 10, 2024, based on the Court's April 30, 2024, Order pertaining to Co-Defendant's Motion to Dismiss," and he "does not believe the tardiness of his Reply by three days is unfairly prejudicial to any party." (ECF No. 36, PageID.175). The Court concurs, **GRANTS** Dr. Kline's motion **(ECF No. 36)**, and accepts his reply brief as timely filed.

aftercare guidance. (*Id.*, PageID.93). Walker claims this lack of instruction resulted in his placement in lodging that exacerbated his risk of infection, rather than being routed to the sanitary medical floor. (*Id.*). He also alleges that he was not taken to the hospital for staple removal by Dr. Kline, and that instead prison medical personnel removed the staples "too early." (*Id.*). Walker alleges this removal, coupled with his placement on the gym floor following release, worsened his hernia. (*Id.*).

Thereafter, Walker alleges that he repeatedly complained of pain to prison staff, and an ultrasound was ordered on January 20, 2022, leading to an eventual surgical-follow-up with Dr. Kline two months after the initial operation. (*Id.*, PageID.94). Dr. Kline allegedly identified that the hernia complications required intervention, and he performed hernia surgery on March 3, 2022, at Spectrum Health. (*Id.*). Walker claims that Dr. Kline exercised poor medical judgement during this operation by failing to include surgical drains. (*Id.*). On March 18, 2022, Walker claims he saw Dr. Kline for additional staple removal, where he complained of fluid and puss build-up, formation of an abscess, and pain. (*Id.*). Walker alleges the Dr. Kline disregarded his concerns. (*Id.*). Several days later, on March 22, 2022, Walker notes he was taken to the Emergency Room and found to have a disrupted abdominal incision. (*Id.*, PageID.95). Walker claims he was then housed in Lakeland Hospital for 15 days, with an infection and open abscess, causing him to miss a court appearance. (*Id.*).

Walker alleges that, once he returned to the Berrien County Jail, an internal stitch from Dr. Kline's prior surgery was protruding from his abscess and interfering with healing. (*Id.*). On August 3, 2022, Dr. Kline eventually removed the stitch at issue, which

Walker claims resulted in a disruption to the surgery's internal mesh, causing the formation of a new hernia. (*Id.*, PageID.96). Walker claims Dr. Kline's decision to remove the stitch was a lapse in professional judgment that amounted to "unnecessary and wanton infliction of pain." (*Id.*). Months later, on November 18, 2022, medical personnel at Berrien County Jail ordered a CT scan, which purportedly showed that Walker had a recurring hernia. (*Id.*). Finally, Walker asserts that on May 9, 2023, following persistent pain, "medical records from a 3rd surgery" demonstrated that the mesh implanted by Dr. Kline was "poorly incorporated," and, per a pathology report, showed an infection. (*Id.,* PageID.97).

Based on the above, Walker alleges that Dr. Kline violated his Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 24). Walker asserts that Dr. Kline "failed to exercise professional judgement and acted wantonly and willfully, and subjected Plaintiff to unnecessary and wanton pain, and further injury." (*Id.*, PageID.98).

Dr. Kline now moves to dismiss Walker's amended complaint, arguing that Walker fails to sufficiently plead that Dr. Kline acted under color of state law.[4]

**B.    Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[4] Dr. Kline alternatively argues that his behavior did not rise to the level of punishment or deliberate indifference necessary to establish an Eighth Amendment violation. (ECF No. 29). Because Walker's complaint clearly fails to sufficiently allege state action, this Report and Recommendation does not address Dr. Kline's alternative argument.

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not

boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### C.     Analysis

In his motion, Dr. Kline argues that Walker's Eighth Amendment claim against him must be dismissed because Dr. Kline is not a state actor, and thus is not subject to a claim under 42 U.S.C. § 1983.  (ECF No. 29, PageID.118).  The Court concurs.

To assert a § 1983 Eighth Amendment claim, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Wershe v. Combs*, 763 F.3d 500, 504-05 (6th Cir. 2014) (citations omitted).  In other words, state action is an essential element of any § 1983 claim against any defendant. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 58 (1999); *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 783 (6th Cir. 2007) ("As a general rule, '[s]ection 1983 does not . . . prohibit the conduct of private parties acting in their individual capacities.'") (internal citation omitted).

Thus, the primary question here is whether Walker properly alleged that Dr. Kline is a state actor such that he is subject to a claim under § 1983.  While Walker's amended complaint asserts that Dr. Kline "was acting under the color of state law" (ECF No. 24, PageID.92), at the motion to dismiss stage the Court need not accept such a threadbare legal conclusion as true. *Iqbal*, 556 U.S. at 678.  And, far from alleging state action by Dr. Kline, Walker's amended complaint alleges that Dr. Kline is a private physician, employed by a private healthcare system at a private healthcare facility, who provided medical care

to a Michigan inmate. Specifically, Walker merely alleges that Dr. Kline "was at all times relevant to this action an employee of Spectrum Health . . . and was assigned to Lakeland Hospital . . ." (ECF No. 24, PageID.92). Even liberally construed, these allegations fail to allege that Dr. Kline is a state actor subject to § 1983 liability.

The Sixth Circuit has held that "[t]he relevant standard for determining whether [a doctor] acted under color of state law focuses on the relationship among the State, the physician and the prisoner." *Scott v. Ambani*, 577 F.3d 642, 649 (6th Cir. 2009) (quotations omitted) ("The primary factor is 'the physician's function within the state system, not the precise terms of his employment . . . In her role as a radiation oncologist providing care to [inmate] Scott, Dr. Sullivan was not exercising 'any power possessed by virtue of state law.'"). Indeed, the Sixth Circuit has previously held that privately employed physicians, without government contracts, were not "state actors" simply because they provided medical care to prisoners. *See, e.g., Phillips*, 14 F.4th 524 at 533 ("[P]rivate parties do not automatically become 'state' actors simply by caring for prisoners . . . We have likewise emphasized the lack of contract between a state and a doctor when finding that the doctor was not a state actor."); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006) (holding dismissal of claims against unnamed "private doctors" was appropriate given § 1983 does not create a cause of action against private actors).

District courts in this circuit have followed suit, finding that a prisoner's failure to allege that a doctor had any particular function in the state system warranted dismissal of his complaint. *See, e.g., Plaster v. Washington,* 2024 WL 1446598, at *8 (W.D. Mich. Feb. 8, 2024) ("Plaintiff merely alleges that Defendant Hoekzema performed surgery on

Plaintiff and failed to stop her gender dysphoria medication, but she does not allege that he had any particular relationship with the MDOC or the State of Michigan. The lack of such a factual allegation warrants dismissal."); *Raper v. Cotroneo*, No. 1:17-cv-368, 2017 WL 4173507, at *3 (W.D. Mich. Sept. 21, 2017) (holding that the plaintiff-prisoner's failure to allege anything more than that the defendant surgeon performed surgery poorly on the plaintiff's leg warranted dismissal because the doctor could not be considered a state actor); *Thomas v. Garner*, No. 1:18-cv-48, 2018 WL 4384587, at *3 (M.D. Tenn. Sept. 13, 2018) ("Because Plaintiff fails to allege that Dr. McKnight had any particular function in the state system, he was not acting under color of state law and Plaintiff fails to state a claim against him.").

In the present case, Walker did not allege any facts demonstrating that Dr. Kline was employed by, or under contract with, the State of Michigan or Berrien County Jail. Rather, his complaint merely alleges that, following a stab wound, he was taken to Lakeland Hospital, a private medical center owned by Spectrum Health, where he happened to be treated by Dr. Kline, a private employee of Spectrum Health. (ECF No. 24, PageID.92). Such allegations fall well short of Walker's obligation to show that Dr. Kline had a particular function in the state system such that he is subject to § 1983 liability. *Phillips*, 14 F.4th 524 at 533.

Walker's counterarguments in his response brief do not change the analysis. (ECF No. 34). First, Walker submits a copy of an insurance authorization form, which he claims demonstrates a contractual relationship between Dr. Kline and Berrien County Jail. (*Id.*, PageID.160, 166). But such document is not a contract between Dr. Kline and the Berrien

County Jail, and instead is simply a form issued by an insurance company requiring documentation for insurance claims related to Walker's care. (*Id.*, PageID.166). Second, while Walker claims that Dr. Kline is a state actor by virtue of his medical license from the State of Michigan, the law is clear that "[l]icensing and regulation are not enough to transform private [medical providers] into state actors for section 1983 purposes." *Ellison v. Univ. Hosp. Mobile Crisis Team*, 108 F. App'x 224, 227 (6th Cir. 2004); *see also Thor v. Crawford*, 2023 WL 8192526, at *2 (C.D. Cal. Oct. 19, 2023) ("The fact that the Non-State Actor Defendants were merely licensed by the State of California, or registered in the State of California, does not amount to sufficient state involvement to state a claim under Section 1983.").[5]

In sum, Walker failed to allege facts demonstrating that Dr. Kline had any particular function in the state system as it relates to the medical care he provided to Walker. Walker thus failed to properly allege that Dr. Kline acted under color of state law in providing that care, and dismissal of Walker's § 1983 claims against Dr. Kline is appropriate. *Wershe*, 763 F.3d at 504-05.

---

[5] The Court also notes that the cases Walker cites in support of his argument that Dr. Kline is a state actor are either unpersuasive or distinguishable. First, many of the cases fall outside of the Sixth Circuit and are therefore non-binding on this court. Second, the Sixth Circuit cases he cites in *Dominguez v. Correctional Medical Services*, 555 F.3d 543, 546 (6th Cir. 2009), and *Comstock v. McCrary*, 273 F.3d 693, 698 (6th Cir. 2001), are distinguishable in that those cases involved medical providers who specifically provided services in the medical unit of the prison, and their particular function in the state system as prison medical providers was not in dispute.

## III.  CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Dr. Kline's motion to dismiss Walker's amended complaint **(ECF No. 29)** be **GRANTED**, and that Dr. Kline's motion to dismiss Walker's original complaint **(ECF No. 16)** be **DENIED AS MOOT**.

Dated: June 26, 2024  　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan  　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and

should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 26, 2024.

                                                    s/Eddrey O. Butts
                                                    EDDREY O. BUTTS
                                                    Case Manager