UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDREKA WALKER,

          Plaintiff,

v.

DEANNA HARRIS, MARY COYLE,
KAREN THOMAS, CRAIG KLINE,
and PETER KUNC,[1]

          Defendants.
_____/

Case No. 23-cv-12328
Honorable Linda V. Parker

### OPINION AND ORDER ADOPTING JANUARY 2, 2025 REPORT AND RECOMMENDATION (ECF NO. 45)

Plaintiff Freddreka Walker, proceeding pro se, commenced this lawsuit pursuant to 42 U.S.C. § 1983 against Deanna Harris, Mary Coyle, Karen Thomas, Craig Kline,[2] and Peter Kunc (collectively "Defendants") on September 13, 2023. (ECF No. 1.)  As part of his amended complaint, Mr. Walker alleges that Mr. Kunc, a nurse, violated his Eighth Amendment right to be free from cruel and unusual punishment by rendering inadequate medical care for a surgical infection that

---

[1] Mr. Kunc's last name is misspelled in the complaint and other filings as Kunz and Kunk.
[2] On July 22, 2024, the Court dismissed all claims in this case against Defendant Kline.  (ECF No. 39.)

caused Mr. Walker to suffer additional infections and hernias.  (*See* ECF Nos. 24, 41.)

This matter is currently before the Court on Mr. Kunc's motion to dismiss the amended complaint and the claims against him.  (ECF No. 32.)  The matter has been assigned to Magistrate Judge David R. Grand for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 11.)

On January 2, 2025, Magistrate Judge Grand issued a report and recommendation ("R&R") recommending that the Court grant Mr. Kunc's motion to dismiss the complaint.[3]  (ECF No. 45.)  At the conclusion of his R&R, Magistrate Judge Grand advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  (*Id*. at Pg ID 230-31.)  He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal."  (*Id*. at Pg ID 230.)  Upon Mr.

---

[3] On the same day, Magistrate Judge Grand issued a show cause order requiring Mr. Walker to submit, in writing by January 16, 2025, why the action should not be dismissed, without prejudice, against Defendants Harris, Coyle, and Thomas because of his failure to accomplish timely service.  (ECF No. 46 at Pg ID 234.)  Mr. Walker responded to the order on January 29, 2025.  (ECF No. 47.)  As of the date of this opinion and order, Magistrate Judge Grand has not issued a judgment as to the show cause order.  Because the Court adopts Magistrate Judge Grand's recommendation to dismiss all the claims against Mr. Kunc, the only remaining defendants in this case are Ms. Harris, Ms. Coyle, and Ms. Thomas.

Walker's motion, the Court extended his time to file objections by seventeen days. (*See* ECF Nos. 48, 49.) Mr. Walker filed objections on February 12, 2025. (ECF No. 51.)

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court has reviewed Mr. Walker's objections to the R&R. The Court acknowledges the challenges Mr. Walker may have in completing the filings in this case while he is incarcerated and notes his corrections to the stated facts in the

R&R.[4] (*See* ECF No. 51 at Pg ID 249-50.) However, the Court does not find that Mr. Walker's objections point to any specific flaws in Magistrate Judge Grand's analysis of his claims against Mr. Kunc. To the contrary, the Court finds that Magistrate Judge Grand's reasoning and conclusion for granting the motion are sound. The Court, therefore, adopts the R&R.

Accordingly,

**IT IS ORDERED** that Mr. Kunc's motion to dismiss the amended complaint (ECF No. 32) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 26, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 26, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

---

[4] Mr. Walker also asks the Court for leave to file a second amended complaint in his R&R, ECF No. 51 at Pg ID 251, but the motion is not properly before the Court under Eastern District of Michigan Local Rules 7.1(i) and 15.1.